SYLVESTER J. WATSON v. FRANCIS B. FAIRBROTHER and others.

Under chapter 198, section 17, of the Revised Statutes, entitled "For the relief of poor debtors," an imprisoned debtor is not confined to two citations to the same creditor,—the *second*, upon a change of circumstances since his application to take the oath upon the *first* was refused him; but after any number of previous citations, may have a new one, so that he satisfies the magistrate by proof, of a change of circumstances since his last previous application was refused, which change must be recited in the new citation.

Where the fourth citation of a poor debtor to his creditor recited, "that since the hearing of his former citation," which was refused about two years before, "his circumstances had changed in this, "that in consequence of long continued sickness in his family, he had been unable to transact any business, and had been unable to support his family;" *Held*, that this was a sufficient recital of a change of circumstances, to entitle him to a new citation upon which he might be discharged, although the citation upon which his last previous application was refused, recited as his then change of circumstances, "having made an assignment, and also by having been unemployed for a long space of time, and by continued sickness in his family, thereby rendering him in a less competent situation than formerly, for the payment of his said debt;" time of duration being an important element in such causes of poverty.

DEBT upon a prison limits bond, executed by the defendants, on the 27th day of February, 1858, to the plaintiff, in the sum of three hundred dollars, with condition that the defendant, Fair-

brother, a prisoner in the jail in Providence at the suit of the plaintiff, would continue a true prisoner, &c., until lawfully discharged, &c. The defendants pleaded *nil debet* by consent, both parties waiving a jury trial, and agreeing that either might produce or read upon the trial, under the above plea, any evidence proper to any special pleas whatsoever.

The facts are sufficiently stated in the opinion of the court.

*B. N. and S. S. Lapham, for the plaintiff.*

*Currey, for the defendants.*

BRAYTON, J. This action is brought upon a bond given for the liberty of the jail yard. On the trial, (which was had before the court, the jury trial having been waived by the parties,) it was admitted, that the debtor departed the jail limits; and the defence set up was, that he had been admitted to take the poor debtor's oath upon a hearing before two magistrates, and had been thereupon discharged from imprisonment by the jailer. It appeared, also, upon the trial, that prior to the hearing upon which he was admitted to the oath, he had made three different applications to be admitted to take the oath upon which this committing creditor had been regularly summoned, the debtor heard, and the oath refused. The first was heard March 20th, 1858. In this case, the citation was in the usual form. The second application was heard October 8th, 1859. The citation to the creditor in this case recited, that the debtor had changed his circumstances in this, "that he had executed a deed of assignment to Samuel L. Blaisdell, jailer of the Providence county jail." On the 11th of July, 1860, he took out a citation to his creditor, returnable on the 25th, upon which he was heard. This citation recited, that since the previous citation he had undergone a change of circumstances in this, "having made an assignment, and also by having been unemployed for a long space of time, and by continued sickness in his family, thereby rendering him in a less competent situation than formerly for the payment of said debt." Upon his last application, upon which he was finally admitted to the oath, the citation stated, that since the hearing of his former citation, his circumstances had changed in this, "that in consequence of long continued sickness in his family, he has been unable to transact any business, and has been unable

to support his family." This citation was returnable on the 27th day of September, 1862.

If the magistrates before whom this last application was heard were authorized, upon the citation returned to them, to proceed to a hearing, their judgment, admitting the debtor to take the oath, was conclusive, and the discharge valid. It is contended, however, by the plaintiff, that they had no such authority, because, upon a former hearing, he had been refused the oath; and the citation in this case being to the same creditor, gives no notice to him of any change of circumstances of the debtor : and, relying upon the case of *Eastwood* v. *Schroeder and others*, 5 R. I. Rep. 392, the plaintiff says, that the change stated is not one which could properly be addressed to the magistrates for the purpose of affecting their determination, or one by which they ought to be influenced in the hearing.

The chapter under which the magistrates acted is entitled, "Of the relief of poor debtors;" and the application of the debtor for this relief must state, that "he has no estate, real or personal, wherewith to support himself in jail, or to pay prison fees." This matter of complaint he must make good. He proposes to show, that since the former hearing, two years before, he has not been able to earn anything for the support of his family, and that, owing to the long continued sickness of that family; so that his property, if he before had any, has been wasting away. Losses in this way could hardly be less pertinent to the inquiry of the magistrates, than losses by any other misfortune, as fire, or flood, or failures of his debtors, which ought to influence their determination.

The validity of the discharge is objected to, upon another ground, viz.: that by the provisions of section 17, Ch. 198, of the Revised Statutes, the debtor, after having been once heard and the oath refused him, has a right to have but one other citation to his creditor, and to but one other hearing, whatever change may have taken place in his circumstances after such refusal, and though it be recited in the subsequent citation. This objection rests upon the language of the section referred to : "He shall not be entitled to another citation to the same creditor, unless upon proof of some change of circumstances after the

Watson *v.* Fairbrother and others.

taking out of the first citation ; which change of circumstances shall be annexed to, or recited in the *second* citation, and form part thereof." The construction of this section, as now claimed, is not, in our judgment, rendered necessary by the language referred to and now recited. It is not necessary for the suppression of the evil before existing, or for the advancement of the remedy intended by the legislature. The evil was, that the debtor could· have repeated hearings upon the same state of facts,—repeated hearings of the same case,—and could cite his creditor for that purpose as often as he could find other magistrates to hear him. The remedy for this was, to require of the debtor, by proof, to satisfy one magistrate, at least, that he had a different case to present, by requiring him to prove some change of his circumstances since his application was, upon hearing, refused. The citation, since the taking out of which this change must appear to have taken place, was evidently, in the contemplation of this section, that upon the which the debtor was heard, and the oath refused. It is called here, the *first*, because this section looks back no further than to such a hearing ; and the citation, in that case is, for all the purposes of this section, the first. This change of circumstances must be stated, and form part of the second citation ; and unless it so forms a part, he shall not have another citation to the same creditor ; or, in other words, he shall not have another citation, unless this change form part of that other, which, in reference to the citation upon which the hearing was before had, and beyond which the statute does not look, is called the *second*. The sense would have been the same, had the language been, " shall not have *another citation*, unless the change of circumstances *shall form part of it*."

The design of the act was, to prevent a rehearing of the case ; and therefore required the debtor to prove he had a different case to present, and one upon which he had not been heard ; but it was not intended to deprive him of a hearing upon a state of facts which did not exist before, and could not have been before heard. As often, therefore, as he can show this, so often he may be heard.

Being, therefore, of opinion, that the magistrates had authority to hear and determine, and that the discharge of the debtor was valid, judgment must be for the defendants for their costs.